UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

WALTER F. MULLINS and )
ALISA MULLINS, )
　)
　　Plaintiffs, )
　)
v. ) No. 1:09-cv-160
) Judge Edgar
ADB LOGISTICS, INC. and )
LARRY D. WILSON, )
　)
　　Defendants. )

# MEMORANDUM AND ORDER

Plaintiffs Walter F. Mullins and his wife, Alisa Mullins, initially filed this civil action in the Circuit Court of Hamilton County, Tennessee. Plaintiffs are citizens and residents of Hamilton County, Tennessee. This tort case arises out of a motor vehicle accident in Rutherford County, Tennessee. In their complaint, the plaintiffs seek to recover money damages on claims of common law negligence and negligence *per se* based on Tennessee state law.

Defendants ADB Logistics, Inc. ("ADB") and Larry D. Wilson ("Wilson") removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446. Defendants invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332. Defendant ADB is a Florida corporation with its principal place of business in Midland City, Alabama. Defendant Wilson is a citizen of the State of Georgia.

Defendants move pursuant to 28 U.S.C. § 1404(a) to transfer venue in this case to the District Court for the Middle District of Tennessee, Nashville Division. [Doc. No. 3]. 28 U.S.C. § 1404(a)

1

provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiffs oppose the motion. [Doc. No. 6]. After reviewing the record and the applicable law, the Court concludes that the motion to transfer venue is **DENIED** for the following reasons.

I.  **Venue in Removed Cases Under 28 U.S.C. § 1441(a)**

Defendants first argue that venue is improper in the Eastern District of Tennessee under the general venue statute, 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..., or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Defendants contend that this District Court in the Eastern District of Tennessee lacks venue under 28 U.S.C. § 1391(a). Defendants further contend that proper venue lies in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the plaintiffs' claims, i.e. the motor vehicle accident, occurred in Rutherford County, Tennessee. Rutherford County is within the jurisdiction of the District Court for the Middle District of Tennessee, Nashville Division. 28 U.S.C. § 123(b)(1).

This argument fails because 28 U.S.C. § 1391(a) is not applicable in removed cases. The defendants' argument would have merit if the plaintiffs had originally filed their complaint in this Court instead of the Tennessee state court. However, the plaintiffs originally brought this civil action in the Circuit Court of Hamilton County, Tennessee, and the defendants removed the case to this Court. In removal cases, venue is governed by 28 U.S.C. § 1441(a), not 28 U.S.C. § 1391(a).

2

Defendants removed this case to the only venue allowed by 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Tennessee. The District Court for the Eastern District of Tennessee is a proper venue for the plaintiffs' complaint pursuant to 28 U.S.C. § 1441(a). *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953); *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 534-35 (6th Cir. 2002); *Inghram v. Universal Industrial Gases, Inc.*, 2006 WL 306650, * 3 (E. D. Tenn. Feb. 8, 2006).

## II.     Transfer of Venue Under 28 U.S.C. § 1404(a)

Defendants next argue that venue should be transferred to the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses. The Court has discretion under § 1404(a) to transfer cases on an individual basis taking into consideration convenience and fairness. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Kerobo*, 285 F.3d at 537; *Inghram*, 2006 WL 306650 at * 4. The purpose of 28 U.S.C. § 1404(a) is to protect the parties, witnesses, and the public against unnecessary expense and inconvenience. *Van Dusen*, 376 U.S. at 616; *Dorsey v. Hartford Life & Accident Ins.*, 2009 WL 703384, * 2 (E. D. Tenn. March 16, 2009); *Inghram*, 2006 WL 306650 at * 4; *Forward Air, Inc. v. Dedicated Xpress Services, Inc.*, 2001 WL 34079306, * 3 (E.D. Tenn. Dec. 13, 2001).

The Court in its discretion may transfer this case to the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. § 1404(a) if three essential elements are established: (1) venue is proper in this Court; (2) the civil action could have originally been brought by the plaintiffs in the Middle District of Tennessee, Nashville Division; and (3) a transfer is necessary for the convenience of the parties and witnesses, and is in the interest of justice. *Dorsey*, 2009 WL 703384

3

at * 2; *Inghram*, 2006 WL 306650 at * 4; *Forward Air*, 2001 WL 34079306 at * 4. With regard to the third element, the defendants bear the burden of demonstrating by a preponderance of the evidence that fairness and practicality strongly favor the forum to which transfer is sought. *Dorsey*, 2009 WL 703384 at * 2; *Inghram*, 2006 WL 306650 at * 4.

The Court finds that defendants have met their burden of establishing the first two elements necessary for a transfer of venue to the Middle District of Tennessee, Nashville Division, under 28 U.S.C. § 1404(a). As discussed *supra*, venue is proper in this Court under 28 U.S.C. § 1441(a). In addition, this civil action could have originally been brought in the Middle District of Tennessee, Nashville Division, and venue would have been proper there pursuant to 28 U.S.C. § 1391(a)(2). There is no dispute about the first and second elements.

Plaintiffs and defendants disagree whether a transfer of venue to the Middle District of Tennessee, Nashville Division, would serve the convenience of the parties and witnesses. To prevail on its motion to transfer venue, the defendants are required to show that the Middle District of Tennessee, Nashville Division, is a more convenient forum than the Eastern District of Tennessee, Southern Division at Chattanooga. 28 U.S.C. § 1404(a) provides for transfer to a more convenient forum, not transfer to an equally or less convenient forum. Transfer is inappropriate if the ultimate effect would be merely to shift the burden of inconvenience from the defendants to the plaintiffs. *Van Dusen*, 376 U.S. at 645-46; *Inghram*, 2006 WL 306650 at * 5; *Forward Air*, 2001 WL 34079306 at * 4.

There is no definitive formula or comprehensive test for determining the issue of convenience. The Court considers various private and public interests. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995); *Dorsey*, 2009 WL 703384 at * 2; *Inghram*, 2006 WL 306650

at * 5. These factors include: (1) convenience of the witnesses; (2) availability of judicial process to compel the attendance of unwilling or uncooperative witnesses; (3) location of the relevant documents or records, and the relative ease of access to sources of proof; (4) residence and convenience of the parties; (5) relative financial means and resources of the parties; (6) locus of the operative facts and events that gave rise to the dispute or lawsuit; (7) each judicial forum's familiarity with the governing law; (8) the deference and weight accorded to the plaintiff's choice of forum; and (9) trial efficiency, fairness, and the interests of justice based on the totality of the circumstances. *Stewart Organization*, 487 U.S. at 29-30; *Cherokee Export Co. v. Chrysler International Corp.*, 142 F.3d 432 (Table, text in 1998 WL 57279, * 2 (6th Cir. Feb. 2, 1998)); *Jumara*, 55 F.3d at 879-80; *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991); *Dorsey*, 2009 WL 703384 at ** 2-3; *Inghram*, 2006 WL 306650 at * 5; *Forward Air*, 2001 WL 34079306 at * 4. The Court considers all relevant factors that may make the litigation in this case easy, less expensive, and expeditious. *Cherokee Export*, 1998 WL 57279 at * 2; *Dorsey*, 2009 WL 703384 at * 3; *Inghram*, 2006 WL 306650 at * 5; *Forward Air*, 2001 WL 34079306 at * 4.

      The Court finds that the first factor, convenience of the witnesses, does not weigh in favor of transfer. Defendants have not met their burden of showing that a transfer of venue would be for the convenience of the majority of witnesses. Defendants assert that the witnesses, other than the parties, are the first responders and emergency personnel who are likely from Rutherford County or some place near the site of the motor vehicle accident. However, defendants do not identify any particular witnesses by name and fail to specify the number of any such non-party witnesses from the Rutherford County area who are likely to be called to testify at trial.

      Plaintiffs respond that they are residents of Hamilton County and the federal courthouse in

5

Chattanooga is much more convenient for them and their expert medical witnesses. Walter Mullins has received medical treatment in Chattanooga and his treatment is ongoing. Plaintiffs state that Mr. Mullins' health care providers in Hamilton County include David Lowry (physical and rehabilitation medicine); Dr. Jody Abrams (ophthalmology); Dr. Synthia Beeler (family medical practice); Dr. Mark Freeman (orthopedics); and Dr. Beth Capeechi (psychology). Plaintiffs argue that if these medical experts are required to travel to Nashville, Tennessee, to testify at trial, the expert witness fees incurred by the plaintiffs would be significantly increased.

The second factor, availability of judicial process to compel the attendance of unwilling or uncooperative witnesses, does not weigh in favor of transfer.

The third factor is location of the relevant documents or records, and the relative ease of access to sources of proof. It appears that this is not a significant concern in this case. Plaintiffs say this is not a document-intensive case. It seems the majority of documents and records that will be necessary for trial are the plaintiffs' medical records which are located in Hamilton County. The third factor does not weigh in favor of transfer.

The fourth factor, residence and convenience of the parties, does not weigh in favor of transfer. Plaintiffs and their counsel are located in Hamilton County. Defendant Wilson is a resident of Woodstock, Georgia, which is located much closer to Chattanooga (approximately 100 driving miles) than Nashville (approximately 230 driving miles). Defendant ADB maintains its principal place of business in Midland, Alabama, which is closer to Chattanooga than Nashville. The defendants' attorneys have their law offices in Knoxville, Tennessee. It is just as convenient for defendants' counsel to travel from Knoxville to Chattanooga compared to traveling to Nashville.

The fifth factor is the relative financial means and resources of the parties. This is not a

significant concern in this case, and it does not weigh in favor of transfer.

The sixth factor is the locus of the operative facts and events that gave rise to the lawsuit. Because the motor vehicle accident at the heart of this case occurred in Rutherford County, this factor weighs in favor of transferring the case to the Middle District of Tennessee.

The seventh factor is each judicial forum's familiarity with the governing law. This factor does not weigh in favor of transfer. In this 28 U.S.C. § 1332 diversity case, the governing substantive law is Tennessee state law. This Court and the District Court for the Middle District of Tennessee are equally familiar with and capable of applying Tennessee state law.

The eighth factor is the deference and weight accorded to the plaintiffs' choice of forum. This factor weighs against transfer of venue to the Middle District of Tennessee. In most cases the courts traditionally accord some deference and give substantial weight to the plaintiff's choice of forum, but it is not dispositive. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998); *Dorsey*, 2009 WL 703384 at ** 4-5; *Inghram*, 2006 WL 306650 at * 6; *Forward Air*, 2001 WL 34079306 at * 4. A plaintiff's choice of forum is one factor to be considered, but it is not "sacrosanct" and will not defeat a well-founded motion for transfer. *Inghram*, 2006 WL 306650 at * 6.

Plaintiffs Walter and Alisa Mullins chose to bring their suit in the Circuit Court of Hamilton County, Tennessee, where they reside. Although it was the defendants who removed the case from state court and the plaintiffs did not originally chose this Court as the judicial forum, the plaintiffs now prefer the United States District Court for the Eastern District of Tennessee at Chattanooga as their most convenient judicial forum because it is located in Hamilton County. Under these circumstances, the Court will accord some deference and give substantial weight to the plaintiff's

7

choice of litigating their suit in Hamilton County, Tennessee.

The ninth and last factor is trial efficiency, fairness, and the interests of justice based on the totality of the circumstances. The Court finds that this factor is relatively neutral and does not weigh in favor of a transfer of venue to the Middle District of Tennessee. Based on the totality of the facts and circumstances in this case, the Court is not persuaded that it is necessary to transfer of venue to the Middle District of Tennessee in order to achieve or promote trial efficiency, fairness, and the interests of justice.

After considering and balancing the relevant factors, the Court finds that defendants ADB and Wilson have not met their burden of showing that the Middle District of Tennessee, Nashville Division, is a more convenient forum than the Eastern District of Tennessee, Southern Division at Chattanooga. Only the sixth factor – locus of the operative facts and events that gave rise to the lawsuit – weighs in favor of transfer. All of the other factors are either neutral or weigh against transfer.

Accordingly, the defendants' motion pursuant to 28 U.S.C. § 1404(a) to transfer venue in this case to the District Court for the Middle District of Tennessee, Nashville Division [Doc. No. 3] is **DENIED**.

SO ORDERED.

ENTER this the 31st day of July, 2009.

                             */s/ R. Allan Edgar*
                             R. ALLAN EDGAR
                             UNITED STATES DISTRICT JUDGE